IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY AMERSON, CHRIS ANCIRA AND LILAH ANCIRA<br>**Plaintiffs** | CASE NO: |
| | SECT.        MAG. |
| v. | **CLASS ACTION COMPLAINT** |
| LLOYD'S OF LONDON AND AUTO CLUB FAMILY INSURANCE COMPANY<br>**Defendants** | **JURY TRIAL DEMANDED** |

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Amy Amerson, Chris Ancira and Lilah Ancira bring this action on their own behalf and on behalf of a Class of persons defined below against Defendants, Lloyd's of London, and AUTO CLUB FAMILY INSURANCE COMPANY Insurance for their complaint allege, upon information and belief and based on the investigation to date of their counsel, as follows:

## INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and all others similarly situated as owners of homes in the State of Louisiana that contain Chinese Drywall and were insured through the Defendants via a "Homeowner's Policy".

## JURISDICTION AND VENUE

2. Venue for this cause is proper in the Eastern District of Louisiana pursuant to and in accordance with 28 U.S.C. §1391.

1

## PARTIES

3. Plaintiff, Amy Amerson, is a resident, domiciliary and citizen of St. Tammany Parish, State of Louisiana Louisiana. Plaintiff's home was insured through the Defendant, Lloyd's of London, policy number 3082110-HO-0002.

4. Plaintiffs, Chris and Lilah Ancira, are residents, domiciliary and citizens of St. Tammany Parish, State of Louisiana. Plaintiffs' home was insured through the Defendant, AUTO CLUB FAMILY INSURANCE COMPANY Insurance, policy number P84368571.

5. Upon information and belief, Defendant, Lloyd's of London, is a foreign insurance company authorized to do and doing business in the state of Louisiana, and within the jurisdiction of this Honorable Court.

6. Upon information and belief, Defendant, AUTO CLUB FAMILY INSURANCE COMPANY Insurance, (hereinafter referred to as AAA) is a foreign insurance company authorized to do and doing business in the state of Louisiana, and within the jurisdiction of this Honorable Court.

## ALLEGATIONS

7. Plaintiffs seek to represent the following class:

   **Homeowner's Insurance Class:** All citizens, residents, or domiciliary of the state of Louisiana who have contracted with the Defendants, Lloyd's of London and AAA Insurance, for a homeowner's policy and said home was affected by Chinese drywall.

8. Plaintiff, Amy Amerson, is the owner of residential property located at 1205 Magnolia Alley, Mandeville, LA 70741. Plaintiff contracted with Defendant, Lloyd's of London, to provide homeowner's insurance for this policy. The insurance contract bears policy number 3082110-HO-0002.

2

9. Plaintiffs, Chris and Lilah Ancira, are the owners of residential property located at 110 Pine Alley Rd, Mandeville, LA 70741. Plaintiff contracted with Defendant, AAA, to provide homeowner's insurance for this policy. The insurance contract bears policy number P84368571.

10. Plaintiffs had purchased their homes after Hurricane Katrina had forced them to relocate from their original homes.

11. Plaintiffs first suspected that the property contained the affected Chinese drywall when several news channels reported this issue in late 2008.

12. Since discovering the homes contained the affected Chinese drywall, Plaintiffs, have moved out of their houses and have incurred significant property and financial damage as a result of the Chinese Drywall.

13. Defendants have not tendered Plaintiffs any proceeds for this property damage and may be in bad faith under La. R.S. §22:658 and §22:1220 or §22:1892 and §22:1973.

14. At all times pertinent hereto, Defendants, Lloyds of London and AAA, provided insurance coverage for the matters, risks and things involved herein.

15. Plaintiffs' property insurance policy issued by Defendants provides coverage for damage caused by Chinese drywall.

16. Despite having been provided with "satisfactory proof of loss" and having inspected the property for themselves, Defendants in bad faith have refused to pay for all of the damage to the property caused by this covered loss.

17. Defendants are liable unto Plaintiffs under the following legal theories:
    a. Breach of contract;
    b. Bad faith claims adjusting;

    c. Breach of duty of good faith and fair dealing;

    d. Infliction of emotional distress; and

    e. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

18. Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing, all of which will be shown and proven at a trial of this matter.

19. As a result of the actions of the Defendants named herein, Plaintiffs have suffered the following non-exclusive list of damages:

    a. Loss of use of the property;

    b. Loss of enjoyment of property;

    c. Additional living expenses;

    d. Diminution in value of property;

    e. Repair and remediation expenses;

    f. Mental anguish;

    g. Stigma damages to the property;

    h. Attorney fees;

    i. Costs of this litigation; and

    j. All other losses which will be proven at the trial of this matter.

20. Plaintiffs are entitled to penalties and attorney fees for Defendants' bad faith failure to pay Plaintiffs' claims and/or adjust this claim.

## CLASS ACTION ALLEGATIONS

21. <u>Numerosity of the Class:</u> The proposed Class is so numerous that joinder is impractical. The disposition of these claims through this class action will be more efficient and will benefit the parties and the Court. The identities of the individual members of the class are ascertainable through, *inter alia*, insurance records. Further, Class Members may be informed of the pendency of the class action by direct mail, internet, or other means.

22. <u>Predominance of the Common Questions of Fact and Law:</u> A well-defined community of interest in the questions of law and fact common to the Chinese Drywall Homeowner's Insurance Class predominate over questions affecting only individual Class Members. <u>Typicality:</u> Having been a victim of Defendants' unlawful and negligent conduct,

23. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the Plaintiff Class because she is a member of the Plaintiff Class and her interests do not conflict with the interests of the members of the Plaintiff Class she seeks to represent. Further, Plaintiff is represented by experienced and able counsel who has litigated numerous other mass torts and products liability class actions, and they intend to prosecute this action vigorously for the benefit of the entire Plaintiff Class. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Plaintiff Class.

24. <u>Superiority:</u> A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Class Members' claim is impracticable. It would be unduly burdensome to the courts in which individual litigations would proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increases the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and

provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to Class Members by direct mail, as upon information and belief, Defendants herein have kept detailed records as to insureds.

25. This action is also properly certified under the provisions of F.R.C.P. 23 because:

   a. the prosecution of separate actions by individual members of the Class would create a risk of inconsistency of varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants; and

   b. due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or would substantially impair or impede the ability of such members of the Class to protect their interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against the Defendants, jointly and severally, as follows:

   a. Equitable, injunctive, and declaratory relief;

   b. Damages in an amount to be determined at trial, but in an amount exceeding seventy-five thousand dollars;

   c. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

   d. Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

   e. The costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys' fees;

   f. All statutory damages;

g. Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, AMY AMERSON, CHRIS ANCIRA AND LILAH ANCIRA, Individually and on behalf of all others similarly situated, hereby demand a trial by jury as to all issues so triable.

By: _____

Daniel E. Becnel, Jr. (La. Bar No. 2926)
Matthew B. Moreland (La. Bar. No. 24567)
**BECNEL LAW FIRM, LLC**
106 W. Seventh Street
P. O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
Email: dbecnel@becnellaw.com
         mmoreland@becnellaw.com

Russ M. Herman (La. Bar No. 6819)
Leonard A. Davis (La. Bar No. 14190)
Stephen J. Herman (La. Bar No. 23129)
**HERMAN HERMAN KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, La. 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

*Attorneys for Plaintiffs*